

U.S. Department of Justice

*United States Attorney*
*District of Maryland*
*Northern Division*

| | | |
|---|---|---|
| Rod J. Rosenstein<br>United States Attorney<br><br>Judson T. Mihok<br>Assistant United States Attorney | 36 South Charles Street<br>Fourth Floor<br>Baltimore, Maryland 21201 | DIRECT: 410-209-4903<br>MAIN: 410-209-4800<br>FAX: 410-962-3091<br>TTY/TDD: 410-962-4462<br>Judson.Mihok@usdoj.gov |

June 10, 2013

Gary Christopher
Assistant Federal Public Defender
Tower II, Suite 1100
100 South Charles Street
Baltimore, Maryland 21201

    Re:    <u>United States v. Harold Michael Nicol Criminal No. MJG 13-0125</u>

Dear Mr. Christopher:

    This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by June 17, 2013, it will be deemed withdrawn. The terms of the agreement are as follows:

<u>Offense of Conviction</u>

    1.    The Defendant agrees to plead guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) to Count One of the Indictment now pending against him, which charges him with Possession of Child Pornography, in violation of 18 U.S.C. §2252A(a)(5)(B). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court. The Defendant will also agree to sign a consent admitting the Forfeiture Allegation.

<u>Elements of the Offense</u>

    2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which the Government would prove if the case went to trial, are as follows:

    a.    That on or about November 22, 2011, in Maryland, the defendant knowingly possessed a computer hard drive that contained at least one image of child pornography; and

Letter to Mr. Christopher
June 10, 2013
Page 2

  b. That such image or images contained on the hard drive had been transported in interstate or foreign commerce, including by computer, or that such image or images had been produced using materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer; and

  c. That at the time of such possession the defendant knew that such image or images contained on the hard drive constituted child pornography.

## Penalties

  3. a. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty (with a qualifying prior conviction for an offense outlined in 18 U.S.C. § 2252(b)(2)) is as follows: **imprisonment for not less than ten (10) years** and not more than 20 years, followed by a term of supervised release of not more than life and a fine of $250,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

  b. The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

  4. The Defendant understands that by entering into this agreement, he surrenders

---

  [1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

Letter to Mr. Christopher
June 10, 2013
Page 3

certain rights as outlined below:

      a.     If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

      b.     If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

      c.     If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

      d.     The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

      e.     If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

      f.     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

      g.     If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

   h.  By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

   5.  The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

   6.  This Office and the Defendant understand, agree and stipulate to the Statement of Facts as set forth in Attachment A hereto which would be proved beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

   a.  The base offense level is eighteen (18) pursuant to U.S.S.G § 2G2.2(a)(1).

   b.  Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a two (2) level increase because the offense involved a prepubescent minor.

   c.  Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a two (2) level increase because the offense involved the use of a computer.

   d.  Pursuant to U.S.S.G. § 2G2.2(b)(4), there is a four (4) level increase because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence.

   e.  Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), there is a four (4) level increase because the offense involved at least 300 but less than 600 images of child pornography.

    f.  This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about his involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (vii) attempts to withdraw his plea of guilty.

    g.  Thus the adjusted offense level for Count One is **27**.

    h.  The parties further stipulate and agree that the Defendant has a qualifying prior conviction for an offense outlined in 18 U.S.C. § 2252(b)(2), resulting in a statutory mandatory minimum of 10 years imprisonment.

    7.  The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

    8.  This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

### Obligations of the United States Attorney's Office

    9.  The parties stipulate and agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), a sentence of ten years (120 months) imprisonment (actual incarceration) in the custody of the Bureau of Prisons is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of supervised release. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea agreement pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A). Should the Government so elect, it will be afforded the opportunity to proceed on all counts of the Indictment.

Letter to Mr. Christopher
June 10, 2013
Page 6

10. As stated above, at the time of sentencing, the United States Attorney's Office will recommend a sentence of 10 years (120 months) imprisonment and a period of at least 5 years and up to a lifetime period of supervised release, and will move to dismiss the open counts in the Indictment pending against the Defendant.

11. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

## Waiver of Appeal

12. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

    b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds 10 years (120 months); (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below 10 years (120 months).

    c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

    d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Court Not a Party

13 The Defendant expressly understands that the Court is not a party to this

Letter to Mr. Christopher
June 10, 2013
Page 7

agreement. The Defendant understands that the Court is under no obligation to accept this plea offer. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Forfeiture

14. The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement from his residence on November 22, 2011, including, but not limited to: one Dell Inspiron 1545 Laptop Computer (S/N 8ZXOBH1), with a Western Digital hard drive (s/n WXE309JV2899); one Compaq Presario Computer (S/N CNH7380B01), with Seagate hard drive (s/n 5RX1384P); and any CDs, DVDs or other storage media containing visual depictions of minors engaged in sexually explicit conduct. In addition, the defendant agrees to forfeit a .270 cal. Winchester Bolt Action Rifle (s/n G2359020) and a .50 cal CVA Muzzle Loader Rifle (s/n 611316433102), which were also seized from his residence when the search warrant was executed and which he cannot lawfully possess. The defendant agrees to take whatever steps are necessary to pass clear title to those properties to the United States.

### Entire Agreement

15. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Addendum, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and addendum and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: /s/ Judson T. Mihok
Judson T. Mihok
Assistant United States Attorney

Letter to Mr. Christopher
June 10, 2013
Page 8

    I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

6-18-13
Date

_Harold M. Nicol_
Harold Michael Nicol

    I am Harold Michael Nicol's attorney. I have carefully reviewed every part of this agreement with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

6/18/13
Date

_Gary Christopher_
Gary Christopher

## ATTACHMENT A

The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts <u>do not</u> encompass all of the evidence that would have been presented had this matter proceeded to trial.

On or about December 17, 1997, Harold Michael Nicol (NICOL), born in 1960, was convicted upon his plea of guilty to Sex Offense-Third Degree and sentenced to two years of incarceration (one year and six months suspended), to be followed by two years of supervised probation in the Circuit Court for Allegany County. As a result of the conviction, the defendant was required to register as a sex offender.

On November 1, 2011, an undercover Internet investigation into a file sharing program, commonly referred to as Peer-to-Peer, resulted in the identification of four video files of child pornography being made available for downloading and which were in fact downloaded from a computer with an IP address that resolved to 16125 McMullen Hwy, SW, Lot #1 Cumberland, MD. The subscriber associated with that IP address was listed as "Harold Michael Nicol." The four video files depict prepubescent minor engaged in anal and oral sex with adults. Further investigation revealed that NICOL resided at the McMullen Hwy address.

A state search warrant was executed on November 22, 2011 at the Defendant's address. Computers and computer storage media were seized and subsequently forensically examined. After a forensic examination, 5 videos and 29 images of child pornography were found on the Compaq Presario Computer (S/N CNH7380B01), with Seagate hard drive (s/n 5RX1384P). In addition, file sharing programs and text strings with titles consistent with child pornography (but not containing viewable files of child pornography) were found on the Dell Inspiron 1545 Laptop Computer (S/N 8ZXOBH1), with a Western Digital hard drive (s/n WXE309JV2899). In

addition, a .270 cal. Winchester Bolt Action Rifle (s/n G2359020) and a .50 cal CVA Muzzle Loader Rifle (s/n 6113164331 02), were seized from the Defendant's residence when the search warrant was executed. The Defendant is prohibited from possessing firearms.

NICOL was advised of his rights pursuant to Miranda, and after knowingly, intelligently, and voluntarily waiving those rights, agreed to be interviewed. NICOL stated, in sum and substance, that he had been using Frostwire for approximately 6-8 months. NICOL acknowledged that he had seen images of children engaged in sex while on Frostwire, but that he had deleted those images. After being read one of the video titles that contained child pornography ("13yo brother fucks his 11 yo sister...."), NICOL stated that he recognized that title and indicated that he had received that file while searching for movies. NICOL indicated that he used search terms like "PTHC" (pre-teen hard core), "lolita", and "7 yo" to search for child pornography, but claimed that he was not searching for child pornography. NICOL acknowledged that he understood that while running file sharing programs, others could download files from his computer just as he could download files from the computers of others. NICOL stated that he had seen children aged 8-14 years old engaged in sexual activity ("sucking dick" and "eating pussy") on his computer.

In total, the Defendant possessed over 400 images of children engaged in sexually explicit conduct. The depictions included images of prepubescent children (under the age of 12) engaged in sexually explicit conduct, to include sadistic and masochistic conduct, and other depictions of violence.

I have read this statement of facts, and carefully reviewed it with my attorney. I

2

acknowledge that it is true and correct.

6-18-13
Date

Harold M. Nicol
Harold Michael Nicol